JS-6

1 JOSEPH W. COTCHETT (#36324)
jcotchett@cpmlegal.com
2 NIALL P. McCARTHY (#160175)
nmccarthy@cpmlegal.com
3 NANCY L. FINEMAN (#124840)
nfineman@cpmlegal.com
4 JUSTIN T. BERGER (#250346)
jberger@cpmlegal.com
5 **COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
6 840 Malcolm Road, Suite 200
Burlingame, CA 94010
7 Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
8

Lorie E. Almon (*pro hac vice*)
lalmon@seyfarth.com
Brett C. Bartlett (*pro hac vice*)
bbartlett@seyfarth.com

9 JEFFREY G. SMITH (#133113)
smith@whafh.com
**SEYFARTH SHAW LLP**
10 ROBERT ABRAMS
abrams@whafh.com
**WOLF HALDENSTEIN ADLER**
11 **FREEMAN & HERZ LLP**

2029 Century Park East, Suite 3300
Los Angeles, CA 90067-3063
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5129

12 270 Madison Avenue
New York, NY 10016
13 Telephone:  (212) 545-4600
Facsimile:  (212) 545-4653

Malcolm Heinicke (#194174)
heinickema@mto.com
**MUNGER, TOLLES & OLSON, LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

14

15 *Co-Lead Counsel for Plaintiffs*

*Attorneys for Defendants Wachovia*
16 *Corporation,*
*Wachovia Securities, LLC, and First*
17 *Union Securities, Inc.*

18

19 **UNITED STATES DISTRICT COURT**

20 **CENTRAL DISTRICT OF CALIFORNIA**

21

IN RE WACHOVIA SECURITIES, LLC)
22 WAGE AND HOUR LITIGATION

USDC No. SACV07-298DOC(RNBx)

MDL No. 07-1807 DOC
23 This Document Relates To:

**JUDGMENT**
24 ALL ACTIONS

25

Date:          October 5, 2009
Time:          3:00 p.m.
26 Ctrm:          9D
Hon.          David O. Carter

27

28

[PROPOSED] JUDGMENT
MDL No. 07-1807 DOC

# JUDGMENT

This matter came on for hearing on October 5, 2009, upon the joint application of the Settling Parties for approval of the settlement set forth in the Joint Stipulation of Class Action Settlement and Release (the "Stipulation").  Due and adequate notice having been given to the Rule 23 Class and the FLSA Collective Group, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation filed in this case.

2.     The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the Rule 23 Class Members, the FLSA Collective Group, and Defendants Wachovia Corporation, Wachovia Securities, LLC, and First Union Securities, Inc. (the "Wachovia Defendants").

3.     The Court finds that the distribution of the Class Notice as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Rule 23 Class and FLSA Collective Group, and fully met the requirements of due process under the United States Constitution.  Based on evidence and other material submitted in conjunction with the settlement hearing, the Class Notice was adequate.  The Court further finds that the Wachovia Defendants have satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act, 28 U.S.C. § 1715.

///

1        4.     The Court finds that the instant Litigation, in part, presented a good

2 faith dispute over the payment of wages, and the Court finds in favor of settlement

3 approval.

4        5.     The Court OVERRULES the objection of Gerald Rouse, and DENIES

5 his motion to intervene, on the grounds that as a non-class member, he lacks

6 standing to object or intervene. *See, e.g., In re Vitamins Antitrust Class Actions*,

7 215 F.3d 26, 28-29 (D.C. Cir. 2000); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083

8 (9th Cir. 2003).

9        6.     The Court approves the settlement of the above-captioned action, as

10 set forth in the Stipulation, and each of the releases and other terms, as fair, just,

11 reasonable and adequate as to the Settling Parties.  The Settling Parties are directed

12 to perform in accordance with the terms set forth in the Stipulation.

13        7.     For the Class Representatives as well as for those Members of the

14 Rule 23 Class and FLSA Collective Group who filed valid and timely Claim

15 Forms, all of the claims covered by the Federal Claims Release and State Claims

16 Release are dismissed with prejudice.

17        8.     For those Rule 23 Class Members who failed to file valid and timely

18 Exclusion Forms, all of the claims covered by the State Claims Release are

19 dismissed with prejudice.

20        9.     Solely for purposes of effectuating this settlement, this Court has

21 certified a class of all Members of the Rule 23 Class, as that term is defined in and

22 by the terms of the Stipulation, and the Court deems this definition sufficient for

23 purposes of due process and Rule 23.

24        10.     With respect to the Rule 23 Class and for purposes of approving this

25 settlement only, this Court finds and concludes that:  (a) the Members of the Rule

26 23 Class are ascertainable and so numerous that joinder of all members is

27 impracticable; (b) there are questions of law or fact common to the Rule 23 Class,

28 and there is a well-defined community of interest among Members of the Rule 23

1   Class with respect to the subject matter of the Litigation; (c) the claims of some or

2   all of the Class Representatives are typical of the claims of the Members of the

3   Rule 23 Class; (d) The Class Representatives have fairly and adequately protected

4   the interests of the Rule 23 Members of the Settlement Class; (e) a class action is

5   superior to other available methods for an efficient adjudication of this

6   controversy; and (f) the counsel of record for the Class Representatives, *i.e.*, Class

7   Counsel, are qualified to serve as counsel for the Named Plaintiffs in their

8   individual and representative capacities and for the Rule 23 Class.

9         11.    Solely for purposes of effectuating this settlement, this Court has

10   certified a collective action class of all Members of the Federal Collective Group,

11   as that term is defined in and by the terms of the Stipulation, and the Court deems

12   this definition sufficient for purposes of due process and 29 U.S.C. § 216(b).

13         12.    With respect to the Federal Collective Group and for purposes of

14   approving this settlement only, this Court finds and concludes that the Federal

15   Collective Group meets the requirements for certification as a collective action

16   class under 29 U.S.C. § 216(b) because the Federal Collective Group Members are

17   similarly situated.

18         13.    By this Judgment, the Class Representatives shall release, relinquish

19   and discharge, and each of the Participating Claimants shall be deemed to have,

20   and by operation of the Judgment shall have, fully, finally, and forever released,

21   relinquished and discharged all claims covered by the Federal Claims Release and

22   the State Claims Release (including Unknown Claims).

23         14.    By this Judgment, the Rule 23 Class Members who failed to file valid

24   and timely Exclusion Forms shall be deemed to have, and by operation of the

25   Judgment shall have, fully, finally, and forever released, relinquished and

26   discharged all claims covered by the State Claims Release (including Unknown

27   Claims).

28   ///

1      15.    This Litigation and the underlying cases that were consolidated before

2  this Court through the Multi-District Litigation process are hereby dismissed with

3  prejudice, with the exception of *Rouse v. First Union Securities, Inc.*, Case No. 07-

4  cv-00298 DOC.  *Rouse v. First Union Securities, Inc.*, Case No. 07-cv-00298

5  DOC, is hereby transferred back to the Southern District of New York.

6  Specifically, the Stipulation in no way precludes any of Gerald Rouse's personal

7  claims against the Wachovia Defendants.

8      16.    Neither the Stipulation nor the settlement contained therein, nor any

9  act performed or document executed pursuant to or in furtherance of the

10  Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an

11  admission of, or evidence of, the validity of any Released Claims, or of any

12  wrongdoing or liability of any of the Wachovia Securities Releasees; or (b) is or

13  may be deemed to be or may be used as an admission of, or evidence of, any fault

14  or omission of any of the Wachovia Securities Releasees in any civil, criminal or

15  administrative proceeding in any court, administrative agency or other tribunal.  In

16  the event that the Settlement Effective Date does not occur, the Wachovia

17  Defendants shall not be estopped or otherwise precluded from contesting class or

18  collective action certification in the Litigation on any grounds.  Any of the

19  Wachovia Securities Releasees may file the Stipulation and/or the Judgment from

20  this Litigation in any other action that may be brought against them in order to

21  support a defense or counterclaim based on principles of *res judicata*, collateral

22  estoppel, release, good faith settlement, judgment bar or reduction or any theory of

23  claim preclusion or issue preclusion or similar defense or counterclaim.

24      17.    The only Rule 23 Class Members and FLSA Collective Group

25  Members entitled to payment pursuant to this Judgment are Participating

26  Claimants.  Neither the Stipulation nor this Judgment will result in the creation of

27  any unpaid residue or residual, and any funds that are not claimed by Participating

28  Claimants shall remain the property of the Wachovia Defendants.

1          18.     Subject to Court approval, Class Counsel seek reasonable attorney

2    fees in this matter in the gross amount of $9,750,000, in addition to litigation costs

3    in the amount of $436,661.87; the Wachovia Defendants have agreed to pay up to

4    $295,650.09 to the Claims Administrator; and the Wachovia Defendants have

5    agreed to pay enhancements in the total gross amount of $420,000 to the Class

6    Representatives to reimburse them for their unique services.  In light of the work

7    done by Plaintiffs' counsel, and the results achieved, and considering applicable

8    Ninth Circuit authority, the Court finds that the fees and costs requested are

9    reasonable.  Given the results achieved and the efforts of the named Plaintiffs

10   described in the moving papers, the request for incentive payments is also

11   approved.  The Wachovia Defendants are directed to make these payments, plus a

12   *pro rata* share of any post-Judgment interest, in accordance with the terms of the

13   Stipulation.

14         19.     The Court reserves exclusive and continuing jurisdiction over the

15   Litigation, the Class Representatives, the Rule 23 Class, the FLSA Collective

16   Group, and the Wachovia Defendants for the purposes of supervising the

17   implementation, enforcement, construction, administration, and interpretation of

18   the Stipulation and this Judgment.

19         20.     This document shall constitute a judgment (and separate document

20   constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule

21   58.

22   IT IS SO ORDERED.

23

24   DATED: October 5, 2009                    ___*David O. Carter*_____

25                                              The Honorable David O. Carter
                                                United States District Court Judge

26

27

28

[PROPOSED] JUDGMENT                                                              5
MDL No. 07-1807 DOC